# MOFFETT, SIMS, GAUTHIER, & WILLOUGHBY, PC

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BRENT S. MOFFETT

101 Southfield, Third Floor
Birmingham, Michigan  48009

Telephone:  (248) 646-5100
bmoffett@moffettsims.com

May 11, 2026

This matter has now been referred for general pretrial purposes to Judge Figueredo.  Please raise this issue with Judge Figueredo.

SO ORDERED.

Hon. Ronnie Abrams
May 12, 2026

**VIA ECF**
Honorable Ronnie Abrams
Southern District of New York

> **Re:** **Ryger v. Sunbeam Products, Inc. et al.**
> **Case No.: 1:25-cv-08876-RA**

Dear Judge Abrams:

This office represents the Defendants, Sunbeam Products, Inc., ("Sunbeam") and Newell Brands, Inc., ("Newell"), (collectively, "Defendants") in the above-titled product liability matter. Per your Honor's Individual Practice Rules, Defendants file this letter motion for a Protective Order regarding improper deposition notices for two senior corporate executives – including Defendants' General Counsel -- who have no unique personal knowledge pertinent to this case. Defendants held a telephonic meet and confer with Plaintiff's counsel on April 28, 2026, but were unable to reach an agreement as Plaintiff's Counsel refused to provide a basis for his position, forcing this application.

## Background

Plaintiff alleges thermal burns to his right arm after use of a Sunbeam Mattress pad, which was manufactured in 2016. Plaintiff has not alleged any amounts of special damages. Defendant Newell Brands, Inc., is the parent company of Sunbeam and is not involved in the design, manufacture, or sale of mattress pads.

On December 23, 2025, Defendants served Initial Disclosures, naming Jill Walters, Newell's Director of Product Development, as Defendants' designated corporate representative able to testify about the product's design, manufacture, performance, claims, and specifications. On February 16, 2026, Defendants served responses to Interrogatories, again naming Jill Walters as Defendants' person most knowledgeable on these topics.

## Deposition Notices

On April 9, 2026, Plaintiff's counsel requested deposition dates for Jill Walters (in her individual capacity, not as Rule 30(b)(6) representative), as well as for two high level corporate executives, Nick Hammit, Newell's Chief Marketing Officer, and Bradford Turner, Newell's Chief Legal Officer. Neither Hammit nor Turner are mentioned in either party's disclosures or discovery responses and neither has any firsthand knowledge pertinent to this case.

On April 10, 2026, Defense counsel attempted to clarify the scope of the deposition requests, and requested counsel serve a 30(b)(6) notice so Defendants could identify the proper witness(es) for the requested topics.

On April 24, 2026, Plaintiff's counsel made it clear he was not pursuing 30(b)(6) depositions, but rather he was seeking to depose these witnesses in their individual capacities. Defense counsel advised it would produce Jill Walters in her capacity as Sunbeam's 30(b)(6) corporate representative but wouldn't let Plaintiff 'double dip' and depose on two separate occasions. Defense counsel requested Plaintiff provide *any* rationale for deposing Newell's executives, including its General Counsel and *none was provided*. Defense counsel advised that if deposition notices were served, Defendants would be forced to move for protective orders.

As referenced above, the parties held a telephonic meet and confer on April 28, 2026. After the call, Plaintiff served the deposition notices, necessitating this motion.

<u>Case Law on Apex Depositions & Analysis</u>

Defendants now move for Protective Orders under F.R.C.P. 26(c)(1), F.R.C.P. 26(b)(1), and F.R.C.P. 37(a)(5).

"Although Rule 30 specifies that a party may depose "any person" without leave of court and does not have a specific carve out for top executives, "courts nevertheless have developed the so-called apex doctrine when evaluating objections to the deposition of a senior corporate executive." *GMO Gamecenter USA, Inc. v. Whinstone US, Corp*., No. 22 Civ. 5974 (JPC) (KHP), 2024 U.S. Dist. LEXIS 144369 (S.D.N.Y. Aug. 14, 2024.)

"Under this doctrine, a high-level executive is generally safeguarded from being deposed 'absent a showing that the executive sought to be deposed 'has unique evidence, personal knowledge of the claims at issue,' and 'other witnesses are incapable of providing testimony about the conduct alleged.' *Id*. (*quoting Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc., No. 17 Civ. 6221 (KPF), 2020 U.S. Dist. LEXIS 156670, (S.D.N.Y. Aug. 28, 2020*).

"In evaluating whether the apex doctrine applies, courts consider 'the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015). S*ee also, Harapeti v. CBS TV Stations Inc., (S.D.N.Y 2021)* (where the Court precluded apex depositions where plaintiff "failed to show the prospective deponent "possesses unique, personal knowledge about the facts of this case that cannot be obtained from less burdensome means).

Based on Plaintiff's refusal to provide even a single reason for needing to depose Newell's Chief Legal Officer and Chief Marketing Officer, it is clear that these deposition notices are meant to harass, embarrass, and otherwise burden Defendants.

The officers noticed for depositions have no unique personal knowledge about the lawsuit as addressed in *Whinstone*, a fact essentially conceded by Plaintiff's refusal to offer any justification for the deposition request. Moreover, the requests are for witnesses of Sunbeam's parent company without any showing that either Newell or the two witnesses were involved in the design, manufacture or sale of the subject mattress pads.  Plaintiff has failed to provide any basis to dispute that point. Other witnesses can provide testimony about the subject product, design, functions, and claims history. Here, Sunbeam offered to produce Jill Walters to sit for a deposition on these topics.

**<u>Bradford Turner</u>**

As Newell's Chief Legal Officer, Mr. Turner oversees Newell's Legal, Ethics and Compliance, Corporate Development and Sustainability functions. Mr. Turner has no unique, personal knowledge of Plaintiff's lawsuit or the allegations contained therein. Germane to his role as Chief Legal Officer, Mr. Turner's role is subject to the attorney client privilege.

Specific to this lawsuit, Sunbeam produced claims and litigation for a period of 5 years preceding Plaintiff's date of loss for this mattress pad product, and found no claims or lawsuits. Plaintiff has subsequently proffered no reason or legal basis why he intends to depose Mr. Turner. Sunbeam's disclosed corporate representative, Jill Walters, can testify as to Sunbeam's claims history associated with the subject product. Thus, Defendants now request a protective order preventing Plaintiff from deposing Bradford Turner, its General Counsel.

### Nick Hammit

Likewise, as Newell's Chief Marketing Officer, Mr. Hammit has no unique, personal knowledge of Plaintiff's lawsuit or the allegations contained therein. Mr. Hammit leads enterprise marketing across brand management, consumer insights, digital, creative, eCommerce, and loyalty at Newell. Plaintiff has proffered no reason or legal basis why he intends to depose Mr. Hammit. Mr. Hammit did not join until 2024 and there is no basis for personal knowledge for a product that was designed, manufactured, marketed and sold many years before he joined the company. Sunbeam's disclosed corporate representative, Jill Walters, can testify regarding any marketing surrounding this 2016 mattress pad, which already has an extremely attenuated relevance, if any, to this personal injury claim. Thus, Defendants request a protective order preventing Plaintiff from deposing Mr. Hammit.

### Jill Walters

Jill Walters is currently the Director of Product Development and is prepared to testify as Defendants' designated corporate representative concerning the product's design, manufacture, warnings, and claims history, as well as Defendant's defenses. There is no need to force Ms. Walters to be deposed twice in this case. Plaintiff is free to take her deposition (as a corporate representative) and if he has any questions left, she will sit in her personal capacity but it is not fair to ask her the same questions twice.

### Conclusion

F.R.C.P. 1 requires that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's attempt to depose senior corporate executives who lack any semblance of unique personal knowledge related to this case -- including Defendants' General Counsel -- is not consistent with the Rules. Per the rules imposed under F.R.C.P. 26(c)(1), F.R.C.P. 26(b)(1), and F.R.C.P. 37(a)(5), as well as case law presented from the Southern District of New York, Defendants move for entry of a protective order, precluding the depositions of Bradford Turner and Nick Hammit in their entirety. Defendants move for entry of a protective order, precluding the deposition of Jill Walters on two separate days, which would unfairly burden Defendants and Ms. Walters.

The Defendants are prepared to fully brief the issue in more detail and provide further clarity if the Court deems such necessary. Thank you for your consideration regarding this matter.

Sincerely,

*Brent S. Moffett*