UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACK RYGER,

       Plaintiff,        25-CV-8876 (RA) (VF)

   -against-          **<u>ORDER</u>**

SUNBEAM PRODUCTS, INC., et al.,

       Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 2, 2026, Plaintiff filed a letter-motion to compel Defendants to produce the prior deposition testimony and related exhibits from Defendants' employee Jill Walters. ECF No. 27. On June 9, 2026, Defendants filed a letter opposing the motion. ECF No. 33. On June 17, 2026, the Court held a conference to discuss the motion. <u>See</u> ECF No. 30. For the reasons discussed herein, the motion is **GRANTED**.

In the discovery context, "different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." <u>Fine v. Facet Aerospace Products Co.</u>, 133 F.R.D. 439, 441 (S.D.N.Y. 1990). Indeed, "discovery of similar, if not identical, models is routinely permitted in product liability cases." <u>Culligan v. Yamaha Motor Corp., USA</u>, 110 F.R.D. 122, 126 (S.D.N.Y. 1986). Nonetheless, "it is frequently difficult to judge which of a manufacturer's products are sufficiently similar to the allegedly defective product to be subject to discovery." <u>Fine</u>, 133 F.R.D. at 441. So while "the party seeking discovery need not prove its case on the merits in order to obtain disclosure, it must make some threshold showing of relevance before the opposing party is obligated to open to discovery a variety of designs not directly at issue in the litigation." <u>Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.</u>, No. 11-CV-1237 (AJN) (JCF), 2013 WL 466198, at *2 (S.D.N.Y.

Feb. 7, 2013) (internal quotation marks, citation, and alterations omitted). "The dispute between the parties thus boils down to a question of whether the other [product] models are 'similar' to the [product at issue] in a way that is 'pertinent to the legal issues raised in the litigation.'" Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 164 (S.D.N.Y. 2011) (quoting Fine, 133 F.R.D. at 441).

Here, the sought-after discovery is relevant because although it relates to heating pads, as opposed to heated *mattress* pads, the products are similar in a way that is pertinent to the legal issues raised in this litigation. Plaintiff has brought a burn-injury lawsuit related to a heated mattress pad and he seeks deposition testimony and exhibits from burn-injury cases related to the same company's heating pads. Moreover, there is no undue burden on Defendants from having to produce the readily identifiable transcripts of the limited number of depositions for which Ms. Walters has appeared.

Accordingly, Plaintiff's letter-motion to compel is granted. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 27.

**SO ORDERED.**

DATED:     New York, New York
           July 1, 2026


_____
VALERIE FIGUEREDO
United States Magistrate Judge

2