**MOFFETT, SIMS, GAUTHIER, & WILLOUGHBY, PC**

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BRENT S. MOFFETT

Telephone: (248) 646-5100
bmoffett@moffettsims.com

101 Southfield, Third Floor
Birmingham, Michigan 48009

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 7/31/2026

Plaintiff is directed to file a response by **Friday, August 7, 2026**.

July 29, 2026

**VIA ECF**
Honorable Valerie Figueredo
Southern District of New York

**Re: Ryger v. Sunbeam Products, Inc. et al.**
**Case No.: 1:25-cv-08876-RA**

Dear Judge Abrams:

This office represents the Defendants, Sunbeam Products, Inc., ("Sunbeam") and Newell Brands, Inc., ("Newell"), (collectively, "Defendants") in the above-titled product liability matter. Per your Honor's Individual Practice Rules, Defendants file this letter motion for a Protective Order regarding improper demands for an unrelated product. The parties met and conferred on July 29, 2026.

## Background

Plaintiff alleges a thermal right arm burn after use of a 2016 Sunbeam ***Mattress Pad***. Defendant Newell Brands, Inc., is the parent company of Sunbeam and is not involved in the design, manufacture, or sale of mattress pads.

Plaintiff is now seeking unrelated and onerous discovery relating to a completely different product. Unfortunately, Plaintiff's litigation tactics are becoming clear, as they have resulted in prior motions before this Court. Sunbeam was forced to file a Motion for Protective Order regarding APEX depositions, including depositions of Newell's Chief Legal Officer and Chief Marketing Officer. Just before the hearing, Plaintiff dropped his demands.

Plaintiff next demanded deposition transcripts related to heating pad products, a product completely unrelated to the product at issue, a mattress pad. During oral argument, Defendants raised concerns that Plaintiff was seeking to conflate the two unrelated products. Plaintiff had no technical arguments to justify his request, instead, arguing "efficiency's sake" of the upcoming Defendants' deposition. The Court also inquired as to the burden to obtain the subject transcripts, to which Defendants indicated that some were readily available. On July 1, 2026, this Court ordered Sunbeam to produce heating pad deposition transcripts, in part, because there was no "undue burden on Defendants from having to produce the readily identifiable transcripts." (*ECF 36*). Plaintiff took this Order as an opportunity to expand his discovery demands as follows:

## Plaintiff's Demands

1) **Plaintiff demands any and all reports of burn claims for 10 years, related to any heating product Sunbeam has ever produced**;

To be clear, Sunbeam has already produced claims related to the Subject Mattress Pad Model, from a period of January 1, 2016 to December 31, 2024, an 8 year period. From that period,

Sunbeam produced 3 claims. Plaintiff's new heating pad demand is immense in nature. Sunbeam should not be forced to spend substantial time and incur legal costs for a claims production into a different product category. Again, this is a claim regarding a mattress pad. This Court should deny Plaintiff's demand.

2) **Any and all communications between Sunbeam's Quality Assurance Department and Consumer Care Center relating to heating pad products and dissimilar mattress pad models for 10 years**;

Plaintiff's demand seeks to harass Sunbeam. Plaintiff knows the Subject Product had 3 claims for an 8 year period, and Plaintiff seeks to fish into unrelated product categories. Plaintiff just deposed Newell's head of consumer care for 6.5 hours. This Court should deny Plaintiff's demand.

3) **Plaintiff demands Investigation Materials from returned heating pad claim testing, which typically include dozens of pictures of the heating pad, measurements, and UL 130 temperature testing examinations**.

The scope of this request is immense in nature. Sunbeam heating pads are tested more frequently than mattress pads, which in comparison receive relatively few claims. Alas, Plaintiff is more interested in prosecuting a heating pad lawsuit than the subject mattress pad product, and now demands heating pad claim testing materials, which fall under guidelines of UL 130, not UL 964 which governs mattress pads. This demand is not legally relevant to the current lawsuit and extremely prejudicial to Sunbeam. This Court should deny Plaintiff's demand.

4) **Plaintiff demands Heating Pad FDA Medwatch Report Filings**.

The subject mattress pad product category is not subject to FDA filings, a key difference that Plaintiff purposefully ignores. Sunbeam should not be required to produce FDA filings for an unrelated product when the subject mattress pad product is not under the purview of FDA regulation. This is one of many key differences between heating pads and mattress pads, that plaintiff is deliberately choosing to ignore. Sunbeam refers this Court to its comparison chart between heating pads and mattress pads. (*ECF 33*.) This Court should deny Plaintiff's demand.

Undue Burden

Plaintiff seeks substantial discovery of heating pads, not the product at issue. Sunbeam must address the immense scope of Plaintiff's demands, and why such demands are substantially unfair, prejudicial, and costly to Sunbeam. Previously, Plaintiff made the seemingly innocuous request for heating pad deposition transcripts, which Sunbeam's counsel had readily available.

Sunbeam cautioned that Plaintiff's request was a prelude for more onerous requests. That prediction turned out to be true. From the start, Plaintiff's counsel has pursued this path as even the complaint focuses on heating pad lawsuits, not the subject product. Plaintiff counsel has not sought discovery on the subject product, but tactics such as APEX depositions and burdensome discovery of prior complaints and litigation for other unrelated matters. Plaintiff has not even asked for the subject mattress pad design specifications by which to compare the two different products.

On July 1, 2026, this Court ordered Sunbeam to produce heating pad deposition transcripts, in part, because there was no "undue burden on Defendants from having to produce the readily identifiable transcripts." Given Plaintiff's most recent demands, there is a substantial undue burden.

Plaintiff's new demands into heating pads will necessitate counsel for Sunbeam to spend many dozens, perhaps hundreds, of hours reviewing claims handling for work-product privileged materials and finalizing production. This is *after* Sunbeam's employees spend time locating the materials for counsel, yet another burden on Sunbeam. All for a product that is not the subject of this litigation.

The Subject Mattress Pad

The parties tested the Subject Mattress Pad on March 11, 2026, in accordance with UL 964, whereby thermocouples were placed across the product under felt pads, weights were placed on the product, and its temperatures were measured. The test is designed to analyze whether the product demonstrates any overheating.

At the inspection, the testing confirmed that the Subject Mattress Pad temperatures were well below temperature limitations prescribed by UL 964 and Product Specifications. Meaning, the parties observed absolutely nothing overly hot or defective with the subject product.

Sunbeam provides this information to the Court as an explanation as to why Plaintiff's only legal strategy in this mattress pad lawsuit is to muddy the water into heating pad claim history.

Law & Analysis

Plaintiff's immense demands fail the proportionality standard under F.R.C.P. 26(b)(1), which states:

> **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable**.

In context of the above, heating pad claims are not important or relevant in a mattress pad lawsuit. Sunbeam cannot reiterate enough how different these two product categories are. There is no benefit to Plaintiff, other than to harass Sunbeam into settlement. Plaintiff knows Sunbeam will have to spend substantial resources to locate, privilege log, and produce the production demanded, and he uses it as a bargaining chip. Plaintiff has not made a single argument on how the two products are related.

Sunbeam asks this Court to Grant its Motion for Protective Order into Plaintiff's onerous, costly, and irrelevant heating pad claims demands. Defendants are prepared to fully brief the issue in more detail and provide further clarity if the Court deems such necessary.

Thank you for your consideration regarding this matter.

Sincerely,

*Brent S. Moffett*

*Served via e-file:* *stephen@sfclasslaw.com*