MOFFETT, SIMS, GAUTHIER, & WILLOUGHBY, PC

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BRENT S. MOFFETT

101 Southfield, Third Floor
Birmingham, Michigan 48009

Telephone: (248) 646-5100
bmoffett@moffettsims.com

August 12, 2026

**VIA ECF**
Honorable Valerie Figueredo
Southern District of New York

**Re: Ryger v. Sunbeam Products, Inc. et al.**
**Case No.: 1:25-cv-08876-RA**

Dear Judge Figueredo:

This office represents the Defendants, Sunbeam Products, Inc., ("Sunbeam") and Newell Brands, Inc., ("Newell"), (collectively, "Defendants") in the above-titled product liability matter regarding a mattress pad. Sunbeam now responds to Plaintiff's Motion to Compel for further discovery into heating pads, dated August 7, 2026, and additionally moves for a Protective Order regarding future deposition topics.

Prior Order

Plaintiff, in his Motion to Compel, argues that this Court already ruled heating pads and mattress pads were similar products that should lead to open ended discovery into heating pads. This is inaccurate. At the parties' prior June 17, 2026 hearing, the Court raised serious questions about how the two products were related, relevant, or even similar. Plaintiff did not answer these questions. Rather, he argued that ease of production and efficiency were the important factors in producing prior heating pad deposition transcripts:

> *"***So, yes, there are differences, I suppose, in the products but defendants highlighted those same what they call differences back when we had our conference at the end of May and your Honor, I think rightly, said, look, for the purposes of trying to move this along efficiently, you know, they should produce this prior testimony.***" Transcript, p. 3, June 17, 2026 Hearing.*

Ultimately, this Court decided the transcripts were not a burden, and ordered production. In the Order, this Court cited to *Fine v. Facet Aerospace Products, Co*., for the proposition that "different models of a product will be relevant if they share with the accident-causing model those characteristics." 133 F.R.D. 439 (1990). Similarly, *Culligan v. Yamaha Motor Corp*., specifically references production of different product models, not completely different products. 110 F.R.D. 122 (1986). This is a critical distinction. Sunbeam is amenable to producing discovery involving different *models* of mattress pads, however heating pads are an unrelated product.

Second, this Court in *Facet Aerospace*, in analyzing whether an expanded scope of discovery was appropriate, opined: "*In order for the requested discovery to be relevant, then, it must be demonstrated that the designs are truly alternatives and that they are potentially safer. Of course, the party seeking discovery need not prove its case on the merits in order to obtain*

*disclosure. It must, however, make some threshold showing of relevance before the opposing party is obligated to open to discovery a variety of designs not directly at issue in the litigation*." Id. As is discussed below, Plaintiff has made no showing of relevance or product similarity between the subject mattress pad and heating pads.

Third, this Court actually sided with the defendant in *Facet Aerospace*, holding the plaintiff did not show that the two products – there, metal fuel caps vs. rubber fuel caps in an aircraft fuel tank – were relevant or similar enough to warrant production of discovery into the latter.

Here, Plaintiff has not demonstrated any relevancy or similarity between mattress pads and heating pads. Sunbeam, on the other hand, provided a chart analyzing the dissimilarities between the two product categories in its June 9, 2026 filing. The same is being reproduced below:

| | **Mattress Pad Products** | **Heating Pad Products** |
|---|---|---|
| UL Standard | UL 967 | UL 130 |
| FDA Classification | No. | Class II Medical Device: 21 CFR § 890.5740 |
| Warnings /Instructions | • Can sleep with<br>• Diabetics can use | • Warned against sleeping<br>• Warned against use by diabetics. |
| Intended Use | Heat and Comfort | Pain Relief |
| Product Duration | 10-hour Auto-Off | 2-Hour Auto-Off |
| Size | Queen Sized Bed | ~15 inches long. |
| Temperature Regulation | Positive Temperature Coefficient Technology | Thermostatic or Sensing Wire |
| Controls | Dual Controllers / Temp Settings | Single Controller |
| Circuitry | Wires self-regulate temperature | Require circuitry or mechanical thermostat |
| Usage | Designed to be laid under user | Designed to be used on top of user |
| Sunbeam Currently Sells | No | Yes |

Using this Court's own analysis in *Facet Aerospace*, Sunbeam should not be required to produce discovery into a different product, as Sunbeam has clearly demonstrated the products are different, and plaintiff has offered nothing to dispute these differences.

Said differently, Sunbeam is amenable to producing different mattress pad *models*; for instance: different sizes, controllers, conductor technology, zone levels, and heat settings. This production, although not particular to the specific mattress pad model, is at least in the same product category.

Plaintiff's requests for Adverse Reports for heating pads fails the relevancy test above. The products have different purposes, regulations, uses, constructions, and warnings. Sunbeam is amenable to producing Adverse Reports for all mattress pad models.

Request for Additional Protective Order Re: Depositions

F.R.C.P. 26(c)(1)(D) states:

> **A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:**
>
> **(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;**

In Plaintiff's recent 6.5 hour deposition of Sunbeam representative Sandra Jewell, "*heating pads*" were referenced 66 times. Similarly, "*heating product*" was referenced 56 times. Plaintiff's strategy is clear. Plaintiff knows the subject mattress pad showed no signs of defect at the parties' March 11, 2026 joint inspection. Specifically, UL 964 allows mattress pads to reach of temperature of 194F. and the subject mattress pad's maximum temperature was 89.7F. Thus, Plaintiff is attempting to pivot this litigation to a completely different and unrelated product.

Sunbeam should not be forced to undergo the cost of preparing employees for a barrage of questions into a product that is not the subject of this litigation. This is costly, burdensome, oppressive, and irrelevant, solely aimed at harassing Sunbeam.

Sunbeam asks this Court for a Protective Order limiting Plaintiff's deposition topics from heating pad products.

Conclusion

Sunbeam asks this Court to Grant its Motion for Protective Order into Plaintiff's costly and irrelevant heating pad demands. Defendants are prepared to fully brief the issue in more detail and provide further clarity if the Court deems such necessary.

Thank you for your consideration regarding this matter.

Sincerely, *Brent S. Moffett*

*Served via e-file: stephen@sfclasslaw.com*

# MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 11, 2026**

On July 29, 2026, Defendants moved for a protective order concerning specific document requests by Plaintiff. See ECF No. 38. Plaintiff opposes the letter motion and seeks to compel Defendants to produce the requested discovery. See ECF No. 40. Defendants' request is **GRANTED** and Plaintiff's letter motion to compel is **DENIED**. Plaintiff is entitled to discovery concerning the 2016 Sunbeam Mattress Pad at issue in this litigation and any models of that Mattress Pad product. To the extent Plaintiff seeks discovery concerning other Sunbeam heating products, including Heating Pad products, those discovery requests seek information that is not relevant to Plaintiff's claims because the requests concern unrelated products. As Defendants correctly point out, those Heating Pad products are different (they are subject to different UL standards; different FDA classifications, if any; different warnings and instructions; different intended uses; different controls and circuitry; and different temperature regulation) to the Mattress Pad product. Consequently, information concerning the performance of those unrelated and different products is irrelevant to Plaintiff's claims. The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 38 and 40.