Squitieri & Fearon, LLP
205 Hudson Street, 7th Floor
New York, New York 10013
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com

Stephen J. Fearon, Jr.
stephen@sfclasslaw.com

SQUITIERI & FEARON LLP

November 13, 2026

**BY ECF**

Magistrate Judge Valerie Figueredo
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

**Re:** ***Ryger v. Sunbeam Products, Inc. et al.***
**Case No.: 1:25-cv-08876-RA**

Dear Magistrate Figueredo:

I represent Plaintiff in this case and am submitting this letter-motion seeking to compel Defendants to produce documents that they have withheld concerning their investigations into repeated reports that the Sunbeam mattress pads at issue here burned people or overheated. Deposition witnesses have now confirmed that these materials exist but have not been produced.

For example, this week Sunbeam produced for a deposition Mike Miles, who was responsible for testing and investigating claims by consumers who reported to Sunbeam that their Sunbeam mattress pads had overheated or had burned them, causing either personal injury or property damage. (We have not yet received the Mike Miles deposition transcript.). He testified that his boss, Keith Coutu, also would test the mattress pads, especially the "wired" mattress pads like the one that burned Mr. Ryger.

Mr. Miles confirmed that Sunbeam has investigation materials, testing results, and emails about these investigations and that there would be emails as well as separate records about the reports and investigations in two Sunbeam databases (the Salesforce system and the "WAMS" system (an abbreviation for the Warranty Analysis Management System)).

Plaintiff previously requested these materials from Defendants, but Defendants have withheld them. The two most-recent depositions of Defendants' witnesses (Mr. Miles and Mr. Rubia) confirm that these documents exist, but that Defendants have not produced them.

We have met-and-conferred unsuccessfully with defense counsel in an effort to obtain these relevant documents. As a result of that process, Defendants have confirmed that they have the documents, but they either have not yet produced them, or they refuse to produce them for the time period Plaintiff seeks.

For example, on October 19 and 20, 2026 Plaintiff proposed search terms and custodians for Defendants to use to search its emails and databases from 2016 forward.[1] Defendants agreed to start the search in 2016 but instead of ending the search in 2025 as Plaintiff proposed, Defendant wants to end it in 2021, which is three years before Plaintiff was injured. Plaintiff seeks to have the search go through the end of December 2024 when Plaintiff was injured. Either way, Defendants have not produced any of these documents.

Plaintiff requires these documents to show that before a Sunbeam Heating Product burned Mr. Ryger, Defendants already had received numerous reports of other similar burn injuries caused by some of the same defects that caused Mr. Ryger's burns. These burn reports, the related communications, and investigations, will show that Defendants were on notice about the burn risks, that Defendants' communications, investigations, and testing showed why the Sunbeam mattress pads were burning people and were overheating, and that despite Defendants' knowledge, Defendants did not protect Mr. Ryger and others who were using these heating products. Instead, Defendants repeatedly blamed consumers for being burned because they allegedly did not follow instructions or because they purportedly used the product incorrectly. In fact, during his deposition this week, Mr. Miles of Sunbeam confirmed that in every investigation of a Sunbeam heated mattress pad that burned someone or overheated (causing personal injuries or property damage), Sunbeam concluded that the person had not followed the instructions or warnings.

---

[1] Plaintiff proposed the following custodians and search terms:
“Mattress pad*” OR "heated mattress pad*" OR "heated pad*" OR "heated bedding" OR "warming pad*" OR "electric blanket*" OR "heated blanket*" OR "heated throw*" OR "mattress warmer*" w/25 “hot” OR “too hot” OR “too much heat” OR “Overheat*” OR “over heat” OR “burn*” OR “Afraid” OR “Adverse” OR “hot spot” OR “hotspot” OR “hot wire” OR “scorch*” OR “melt*” OR “smok*” OR “Fire” OR “flames” OR “char*” OR “Burn mark” OR “brown spot” OR “discolor*” OR “spark*” OR “burning smell” OR “Short” “sensation” OR “inspect*” OR “returned the unit” OR “returned the mattress” OR “probing questions” OR “remained hot” OR “retrieve” OR “complain*” OR "consumer report*" OR "incident report*" OR "consumer call*" OR "consumer relations" OR "customer service" OR "case number" OR "root cause" OR “RCA” OR "failure analysis" OR "failure mode*" OR “FMEA” OR "quality investigation" OR "field failure*" OR “investing*” OR “test*” OR “controller* OR “control” OR "wire" OR “wiring” OR "heating element*" OR "sensing wire" OR "safety circuit" OR "overheat protect*" OR "auto shut*" OR "auto-off" OR thermostat* OR “connector*” OR “plug” OR “cord” OR "first degree" OR "second degree" OR "third degree" OR “graft*” OR “scar*” OR “injur*” OR "emergency room" OR “ER” OR “hospital*” OR "burn unit" OR "burn center" OR “wound*” OR "medical treatment" .

The custodians are: Daniel Rubia, Jill Walters, Mike Miles, Sandra Jewell, Francisco Arrieta, Anson Wong, Tiffany Beuzelin, Kijuanna Page, Chris Sutton, Melanie Huet, Nick Hammit, David Zak, and Richard Prins. The custodian list also should include Keith Coutu, whom Mr. Miles identified this week as his boss and as the person responsible for investigating injury reports and property damage reports associated with the wired heated mattress pads like the one that burned Mr. Ryger.

Defendants' refusal to produce these documents has hindered Plaintiff's ability to properly prepare his claims and to fully question Defendants' witnesses.

Federal Rule of Civil Procedure 26 permits the discovery Plaintiff seeks because it allows a party to seek discovery as to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of relevancy under Rule 26 is quite broad. *See FCX Solar, LLC v. FTC Solar, Inc.*, 21-cv-03556, 2022 WL 3584946, at * 2 (RA)(VF) (S.D.N.Y. Aug. 22, 2022), *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (explaining that relevance under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); and *citing Joseph v. Gnutti Carlo S.p.A.*, No. 15-CV-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (referring to relevance under Rule 26 as "extremely broad").

Plaintiff requests that the Court compel Defendants to produce the requested emails, database records, and testing/investigation materials concerning heated wired mattress pads where a consumer reported that the pad had burned the person or reported that the pad overheated, and produce the documents responsive to the search terms Plaintiff provided to Defendants on October 19 and 2026. Defendants should have previously produced these responsive documents.

I am available at the Court's convenience to discuss this letter-motion.

Respectfully submitted,

Squitieri & Fearon, LLP

By: */s/Stephen J. Fearon, Jr.*______
Stephen J. Fearon, Jr.

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 19, 2026**

Defendants are directed to submit a response by **Tuesday, November 24, 2026**.